PILKEY *v.* GLEASON.

The legislature, under the constitution, has no power, to delegate the power to determine what laws shall take effect by publication in the newspapers.

The act entitled "An act fixing the terms of the District Court in the third judicial district," approved January 25, 1855, did not take effect until July 1, 1851; and as the said act of January 25, 1855, did not take effect until July 1, 1855, the first ensuing terms mentioned in section three of that act, were those to be held after the taking effect of the act.

The term of the District Court in Davis county, held on the second Monday in September, as provided for in the act of January 22, 1853, was properly held.

By the terms of the acts of January 22, 1853, and January 24, 1855, the entire courts in the several counties of the third judicial district, are treated collectively; and, as by the former act, some of said courts were being held at the time of the passage of the act of 1855, said act of 1855, had reference to the ensuing terms, all of which were to commence and be held after the act was passed; and, therefore, independent of the time of taking effect of the act of 1855, the said court was properly held on the second Monday in September.

*Appeal from the Davis District Court.*

JUDGMENT having been rendered against the defendant at the last September term of the District Court of Davis county, he now appeals and seeks to reverse it, for reasons which will appear in the opinion of the court.

*Knapp & Caldwell,* for the appellant.

*Palmer & Trimble,* for the appellee.

WRIGHT, C. J.—By the act of January 22, 1853 (session laws of 1853, 74), the time for holding the District Court in Davis county, was "on the second Mondays in February and September." By an act approved January 25, 1855 (Laws of 1855, 184), a change was made in the times of holding the courts in the third judicial district, including the county of Davis, fixing those times "on the second Monday after the fourth Monday in February, and on the second

Monday in October." This act provided, that it should take effect and be in force, from and after its publication. The third section reads as follows : "That the first ensuing term of the District Courts in each county in said district, shall be held at the times now provided for by law, and at all future terms in accordance with the provisions of this act." The certificate attached to the act, shows that it was published in the Iowa Republican, on the 14th of February, 1855, by order of the governor. An act approved January 24th, 1855, gave power to the governor, to direct the publication of any law of a general nature in any papers published in the state, whenever he should deem it necessary that they take effect at any earlier day than they otherwise would, by their general publication and circulation. The court in Davis, in which the judgment was rendered, was held at the time fixed by the law of 1853, and not under the law of 1855. The defendant now claims, that this court was held at a time not provided for by law ; that no process could regularly be made returnable at that time; and that any judgment then rendered was without authority and void.

*Held*, that under the rule laid down by this court, in the case of *Scott* v. *Clark et al., ante*, 70, the act of January 25th, 1855, did not take effect until July 1, 1855, the legislature, under the constitution, having no power to delegate the power to determine what laws should take effect by publication in the newspapers.

*Held*, also, that as this act did not take effect until July 1st, 1855, the first ensuing terms, mentioned in section 3, were those to be held after the taking effect of the act, and that said court was therefore properly held on the second Monday in September, as provided for in the act of January 22, 1853.

*Held*, also, that by the terms of the several acts, the entire courts in the several counties of the district, are treated collectively ; and that, as by the act of 1853, some of said courts were being held at the time of the passage of the act of 1855, said act of 1855 had reference to the ensuing terms, all of which were to be held, and commence, after the act was passed,

and that, therefore, independent of the time of taking effect of the act, said court was properly held on the 2d Monday in September.

Judgment affirmed.